Howe *v.* Rochester Iron Manufacturing Company.

## HOWE *vs.* THE ROCHESTER IRON MANUFACTURING COMPANY.

Although it is not unusual to grant a preliminary injunction to restrain the commission of a mere trespass, continued under a claim of right, where the trespass consists in mining and removing ores, or other disturbance of, and injury to, the freehold ; yet a preliminary injunction is, to a certain extent, discretionary. And it is a proper exercise of discretion to refuse to grant one, where the legal right of the plaintiff is by no means clear, and he has an adequate remedy at law.

It is one thing to say that a court of equity will not reform a deed, upon the

Howe *v.* Rochester Iron Manufacturing Co.

ground of a mistake of law, and quite another to claim that it should exercise its discretionary power, by the issuing of a preliminary injunction, to enforce the dry legal title notwithstanding the mistake. *Per* TALCOTT, J.

APPEAL from an order of the Monroe Special Term, denying a motion for a preliminary injunction.

*J. N. Pomeroy*, for the appellant.

*Rowley & Johnson*, for the respondent.

*By the Court*, TALCOTT, J. While it may be conceded that it is not unusal to grant a preliminary injunction to restrain the commission of a mere trespass, continued under a claim of right, where the trespass consists in mining and removing ores, or other disturbance of, and injury to, the freehold, yet a preliminary injunction is, to a certain extent, discretionary. And we think the refusal to grant one in this case was a proper exercise of the discretion of the Special Term. The legal right of the plaintiff is by no means clear; and his remedy is adequate at law.

That it was the understanding of the parties to the deed from Powers to Saunders, that Powers and his representatives would have the right, notwithstanding the deed, to enter upon the premises and mine and remove the ore therefrom, we cannot doubt. If that right was not secured by the provisions of the deed, and if the reservation or exception contained therein is invalid and ineffectual for the purpose, the invalidity results from a technical and abstruse rule of the common law, which will in fact overrule the intention of the parties. The deed from Saunders to the plaintiff contained the same attempt to except and reserve the right to remove the ore; and this was doubtless considered, in fixing the consideration for the premises. So that the plaintiff has no very strong claims to invoke the interposition of the extraordinary and discretionary jurisdiction of a court of equity, even if he shall be able to maintain his

legal title. It is one thing to say that a court of equity will not reform a deed upon the ground of a mistake of law, and quite another to claim that it should exercise its discretionary power, by the issuing of a preliminary injunction, to enforce the dry legal title notwithstanding the mistake. Without expressing any decisive opinion as to the validity or effect of the attempted reservation or exception, we think the Special Term was justified in refusing the preliminary injunction.

Order affirmed, with $10 costs of appeal.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]